IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS D'ANDRE THOMAS,

    **Plaintiff,**

    v.                        CASE NO. 22-3172-JWL-JPO

RYAN HAYDEN,

    **Defendant.**

**O R D E R**

Plaintiff, Nicholas D'Andre Thomas, is a state pretrial detainee at Shawnee County Jail in Topeka, Kansas. Plaintiff filed this § 1983 action against Defendant Ryan Hayden, a detective with the Topeka Police Department, alleging that the defendant failed to produce DNA submission forms and made false statements at a preliminary hearing in a pending state criminal prosecution, thus violating assorted state and federal statutes.

The Court entered an Order (Doc. 3) denying Plaintiff's motion to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until September 23, 2022, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x

1

764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed.  Plaintiff filed a response (Doc. 4) to the Order stating that he does not have the funds to pay the filing fee.  However, Plaintiff has not made the "specific, credible allegations of imminent danger of serious physical harm" required to meet the exception.  *Hafed v. Federal Bureau of Prisons,* 635 F.3d 1172, 1179 (10th Cir. 2011).  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

Plaintiff also asks in his response why the defendant does not have to answer the Complaint.  As explained above and in the Court's previous order, 28 U.S.C. § 1915(g) provides that the case may not proceed without Plaintiff paying the filing fee.  If Plaintiff had paid the fee, the Complaint would then have to survive screening under 28 U.S.C. § 1915A(a) before the defendant would be ordered to file an answer.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated September 26, 2022, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**